CURL v. TRIMBLE.

**Attachment of Partnership Property — Suit on Attachment Bond.**

Suit was brought against appellant and Frazer, partners, and an attachment levied on the partnership property for firm debts. The attachment was sustained as to Frazer and discharged as to appellant.

**Same.**

In a suit by appellant on the attachment bond it is held that appellee, surety on the said bond, is not liable because the covenant was to appellant and Frazer jointly.

APPEAL FROM HARRISON CIRCUIT COURT.

June 28, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

Burnett, Sexton & Co. brought an action with attachment against appellant and one Frazer to coerce the payment of a debt, which they, as partners, owed them, and had the attachment levied upon the partnership effects of Curl and Frazer, and in default of the execution of the requisite bond by them, their goods were held by the officer who levied the attachment for a period of several months.

In the covenant required to be executed by Burnett, Sexton & Co., before they could obtain the attachment, appellee was bound, as their surety, and after the attachment was discharged as to appellant he brought this action in the court below on said covenant against appellee to recover damages of him for the alleged illegal taking and detention of his goods, and loss, and costs, consequent thereon.

To the original and amended petition appellee demurred generally and specially; the general demurrer was sustained and the petition dismissed by the court below, and this appeal is prosecuted to reverse that judgment.

The undertaking of appellee in the covenant referred to is that the plaintiffs in the action aforesaid " Shall pay to the defendants, Curl and Frazer, the damages not exceeding $———, which they may sustain by reason of the attachment in this action, if the order therefor is wrongfully obtained."

In the action in which the foregoing covenant was executed a judgment was rendered against appellant and Frazer for the debt claimed by the plaintiffs therein, and it was further adjudged that their attachment be sustained as against Frazer, and that the lien created thereby on his interest in the goods be retained, and a sale thereof was ordered. That judgment is effectual, and even if it were erroneous cannot be disregarded or reversed in this proceeding.

The primary and perhaps most important question in this investigation is, how that judgment operated upon the claim of appellant for damages.

In the present aspect of the case, it cannot with propriety be said that the order for the attachment was *wrongfully obtained*. The facts already stated conclude that question so far as relates to Frazer. To that extent said order was rightful and proper.

The only ground upon which the judgment complained of can be reversed is that the undertaking of appellee in his covenant aforesaid, according to its true and legal meaning, is that the plaintiffs in the action in which it was executed should pay appellant the damages sustained by him in case the attachment was wrongfully obtained against him, although it was rightfully against his partner, Frazer

Such certainly is not the literal import of the terms of the covenant, nor is there anything in the context to authorize the conclusion that the parties intended it to have that effect — indeed the extraneous facts repel such a conclusion. The undertaking is to Curl and Frazer jointly, the debt was a firm debt, and we may rationally assume that the creditors looked to the partnership effects as the means of payment, for the attachment was levied on them alone, and they were then in the possession of appellant, Frazer being absent from the county, as appears from the return of the sheriff on the summons which issued in the case.

It cannot be material upon which of the grounds the attachment was sustained, since the result must be the same; whatever might be the grounds, the fact that it was done is the controlling one in the case, and as appellant has failed to state facts in his petition showing a breach of the covenant sued on, the demurrer was properly sustained.

Wherefore, the judgment is affirmed.